IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AIMEE ZMYSLY, as Representative and Guardian of the Person and Estate of YURIY ZMYSLY, a disabled adult, <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA, CHERRY POINT NAVAL HOSPITAL, DAVID KAPLAN, M.D., JAMES CHRISTOPHER, M.D., CHRIS OUDEKERK, CRNA., <br><br> Defendants. | Cause No: <br><br> FILED: OCTOBER 24, 2008 <br> 08CV6111 <br> JUDGE GUZMAN <br> MAGISTRATE JUDGE KEYS <br> CH |

## COMPLAINT AT LAW

Plaintiff, Aimee Zmysly, Representative and Guardian of the Person and Estate of Plaintiff, Yuriy Zmysly, a disabled adult, by her attorneys, Clifford Law Offices, P.C., complaining of Defendants, The United States of America (hereinafter "USA"), Cherry Point Naval Hospital, David Kaplan, M.D. (hereinafter "Kaplan"), James Christopher, M.D. (hereinafter "Christopher"), and Chris Oudekerk, CRNA (hereinafter Oudekerk"), states as follows:

### THE PARTIES

1. Plaintiff, Aimee Zmysly, is a resident of, and domiciled in, Oak Lawn, Illinois, which is in the Northern District of the State of Illinois, United States of America, and the duly appointed and qualified Representative and Guardian of the Person and Estate of Plaintiff, Yuriy Zmysly.

2. Plaintiff, Yuriy Zmysly, a court adjudicated disabled adult, is a resident of, and domiciled in, Oak Lawn, Illinois, in the Northern District of the State of Illinois, United States of America.

3. Defendant, the United States of America, is a body politic which, for purposes of this litigation, is responsible for the healthcare of all active duty service members for all branches of the United States Armed Forces, including the United States Marine Corps, and maintains its principal place of business in Washington, D.C.

4. Defendant, Cherry Point Naval Hospital, is a health care institution providing care and treatment to patients, namely members of the U.S. Armed Forces, with its principal place of business in Cherry Hill, North Carolina.

5. Defendant, David Kaplan, M.D., a duly licensed physician, is a resident of, and domiciled in, Raleigh, North Carolina. David Kaplan, M.D. maintains his principal place of business in North Carolina.

6. Defendant, James Christopher, M.D., a duly licensed physician, is a resident of, and domiciled in, Havelock, North Carolina. James Christopher, M.D., maintains his principal place of business in North Carolina.

7. Defendant, Chris Oudekerk, CRNA, a duly certified registered nurse anesthetist is a resident of, and domiciled in, Havelock, North Carolina.

## JURISDICTION AND VENUE

8. This action arises under 28 U.S.C. § 2671 et seq., the Federal Tort Claims Act ("FTCA"), with respect to which Plaintiff, Aimee Zmysly, on behalf Yuriy Zmysly, has complied with respect to all administrative prerequisites for the institution of this suit.

9. Jurisdiction of the court is invoked pursuant to 28 U.S.C.§ 1331, in that this case arises under the aforementioned Federal Tort Claims Act, and, pursuant to 28 U.S.C. § 1346, in that the district court has original jurisdiction of all claims against The United States of America and

against the various agencies thereof.

10. Plaintiff anticipates that the United States will argue that this case is controlled by *Feres v. United States* (340. U.S. 135 (1950)), but Plaintiff asserts, in the first instance, *Feres* does not apply, and secondly, that intervening events and developments in the law have undermined the *Feres* Doctrine.

11. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1402(b), in that the plaintiff resides in this judicial district.

## BACKGROUND

12. Yuriy Zmysly is presently a court adjudicated disabled United States citizen, entitled to the rights and protections afforded by the Constitution of the United States of America to all of its citizens, without prejudice.

13. On and before January 9, 2006, Yuriy Zmysly was a United States Marine, who served a tour of duty, for ten months, in Afghanistan and a second tour of duty, for seven months, in Iraq.

14. On or about January 9, 2006, as set forth in Count I of this Complaint, Yuriy Zmysly was a patient at Cherry Point Naval Hopsital, and received care and treatment that rendered Yuriy Zmysly severely disabled.

15. On or about January 8, 2008, Yuriy Zmysly's claim for relief pursuant to the FTCA was properly submitted to Defendant, United States, for review, and subsequently rejected.

16. Neither the subject appendectomy, the post-surgical treatment and care, nor the cause(s) for need for the subject appendectomy and the post-surgical treatment and care at issue in this complaint are or were activities incident to Yuriy Zmysly's service as a United States Marine

or a member of the United States military.

17.     Neither the subject appendectomy nor the post-surgical treatment and care at issue in this complaint, in any way, relate to national security and/or any military mission.

18.     Nothing in Yuriy Zmysly's FTCA claim, or in the subject cause of action, presents any threat to the United States, it's military or it's chain of command.

19.     Upon information and belief, no military discipline has occurred, or will occur, as a result of the subject care and treatment of Yuriy Zmysly.

20.     Now, and at all relevant times, Defendants, United States, Cherry Point Naval Hospital, David Kaplan, M.D., James Christopher, M.D., and Chris Oudekerk, CRNA. did not, and do not, share a distinctively federal relationship, in that the United States' health care system for the medical care and treatment of military personnel is cooperatively designed, implemented and administered by Humana Military Healthcare Services, Inc. doing business as TriCare ("TriCare").

21.     Now, and at all relevant times, Plaintiff, Yuriy Zmysly, did not share a distinctively federal relationship with the Defendants, in that the United States' health care system for the medical care and treatment of military personnel is cooperatively designed, implemented and administered by Humana Military Healthcare Services, Inc. doing business as TriCare ("TriCare").

22.     On and before January 8, 2006, and at all relevant times, TriCare, with the Defendant United States, was responsible for the design, implementation and administration of guidelines and protocols that determined Plaintiff, Yuriy Zmysly's access to and receipt of medical care and treatment as a U.S. Marine.

23.     On and before January 8, 2006, and at all relevant times, TriCare cooperatively determined the protocols utilized in providing patient care to military personnel, and TriCare

4

independently contracted with medical care providers, including physicians and support staff, to administer such care and treatment to patients, including Yuriy Zmysly.

24. Since the time of the occurrence to the present, Plaintiff has received some medical benefits, but has not been compensated by generous statutory disability and death benefits as sometimes provided by the Veterans' Benefits Act.

25. Since the time of the occurrence to present, not all of the necessary and adequate medical care and treatment provided to Yuriy Zmysly, for injuries suffered as a result of Defendants' negligence, has been provided by, permitted, or paid for, by the United States, it's military, or it's health network, TriCare. Because of his disabling injuries, Yuriy Zmysly, is unable to pay for such necessary medical care and treatment to which he is entitled.

26. The present value of Yuriy Zmysly's earnings loss as a result of the premature ending of his normal expected working life ranges from $1,709,706 to $3,538,369. (See Exhibit A, *Report by Dean Larry DeBrock of the University of Illinois*).

27. The present value of Yuriy Zmysly's future care needs is $765,163. (See Exhibit A, *Report by Dean Larry DeBrock of the University of Illinois*)

28. The present value of Yuriy Zmysly's future home care costs ranges from $5,489,381 to $6,458,095. (See Exhibit A, *Report by Dean Larry DeBrock of the University of Illinois*)

29. The *Feres* Doctrine bars service members from bringing tort suits under the FTCA against the United States for injuries that arose out of or in the course of activity incident to service.

30. On and before March 25, 2008, and at all relevant times herein, the United States instituted, implemented, interpreted and utilized 28 U.S.C.A. §2671 - 2680, and the *Feres* Doctrine, in part and without valid basis, to improperly control and/or limit all claims of liability for negligent

acts, by improperly characterizing and attempting to ground such claims of negligence as evidence of insubordination, disloyalty, and/or refusal of duty in the military and naval forces of the United States.

31. On and before January 9, 2006, and at all relevant times herein, including on or about March 25, 2008, the time of the United States' denial of the FTCA claim filed by Yuriy Zmysly, a disabled citizen, the subject statutes, 28 U.S.C.A. §2671 - 2680, were and remain unconstitutionally vague, and abridge and extinguish Yuriy Zmysly's due process rights and other various Constitutional rights as protected by the First, Fifth, Seventh, Ninth, and Fourteenth Amendments.

## COUNT I - MEDICAL NEGLIGENCE

32. On or before January 10, 2006, and at all times mentioned herein, Plaintiff, Yuriy Zmysly, was an active duty Private in the United States Marine Corps, stationed at the Marine Corps Air Station at Cherry Point, in Cherry Point, North Carolina, and assigned to the headquarters of the 2nd Low Altitude Air Defense Battalion.

33. On or before January 10, 2006, and at all times mentioned herein, Defendant, USA, was solely responsible for the healthcare of all active duty service members for all branches of the United States Armed Forces, which includes the United States Marine Corps.

34. On or before January 10, 2006, and at all times mentioned herein, Defendant, USA, operated a comprehensive health care system comprised of hospitals and medical centers for the sole use of service members and their dependants.

35. On or before January 10, 2006, and at all times mentioned herein, Defendant, USA, operated a comprehensive health care system comprised of hospitals and medical centers, including Defendant, Cherry Point Naval Hospital.

36. On or before January 10, 2006, and at all times mentioned herein, Defendant, Cherry Point Naval Hospital, was a duly licensed health care institution providing care and treatment to patients admitted therein.

37. On or before January 10, 2006, and at all times mentioned herein, Defendant, Cherry Point Naval Hospital, was the authorized and/or apparent agent of Defendant, USA.

38. On or before January 10, 2006, and at all times mentioned herein, Defendant, Cherry Point Naval Hospital, had a house staff of physicians, residents, nurses and other personnel to provide for patient care; all the aforesaid house staff of physicians, residents, nurses and other personnel were duly authorized agents and employees of Defendant, USA.

39. On or before January 10, 2006, and at all times mentioned herein, Defendant, Kaplan, was a physician duly licensed to practice medicine.

40. On or before January 10, 2006, and at all times mentioned herein, Defendant, Kaplan, was a duly authorized actual and/or apparent agent and employee of Defendant, USA, and was acting within the scope of his agency and employment.

41. On or before January 10, 2006, and at all times mentioned herein, Defendant, Kaplan, was a duly authorized actual and/or apparent agent and employee of Defendant, Cherry Point Naval Hospital, and was acting within the scope of his agency and employment.

42. On or before January 10, 2006, and at all times mentioned herein, Defendant, Christopher, was a physician duly licensed to practice medicine.

43. On or before January 10, 2006, and at all times mentioned herein, Defendant, Christopher, was a duly authorized actual and/or apparent agent and employee of Defendant, USA, and was acting within the scope of his agency and employment.

7

44. On or before January 10, 2006, and at all times mentioned herein, Defendant, Christopher, was a duly authorized actual and/or apparent agent and employee of Defendant, Cherry Point Naval Hospital, and was acting within the scope of his agency and employment.

45. On or before January 10, 2006, and at all times mentioned herein, Defendant, Oudekerk, was a duly licensed certified registered nurse anesthetist, (CRNA), and was engaged in practice as a nurse anesthetist.

46. On or before January 10, 2006, and at all times mentioned herein, Defendant, Oudekerk, was a duly authorized actual and/or apparent agent and employee of Defendant, USA, and was acting within the scope of Oudekerk's agency and employment.

47. On or before January 10, 2006, and at all times mentioned herein, Defendant, Oudekerk, was a duly authorized actual and/or apparent agent and employee of Defendant, Cherry Point Naval Hospital, and was acting within the scope of Oudekerk's agency and employment.

48. On or before January 10, 2006, and at all times mentioned herein, Plaintiff, Yuriy Zmysly, presented to Defendant, Cherry Point Naval Hospital's, emergency room complaining of right sided abdominal pain and right lower chest pain that had been ongoing for the past twenty-four (24) hours.

49. On or before January 10, 2006, and at all times mentioned herein, Plaintiff, Yuriy Zmysly, was seen by Defendant, Kaplan, in the Cherry Point Naval Hospital's emergency room.

50. On or before January 10, 2006, and at all times mentioned herein, Plaintiff, Yuriy Zmysly, was examined by Defendant, Christopher, a surgeon, and was diagnosed with a perforated appendicitis.

51. On or before January 10, 2006, and at all times mentioned herein, Plaintiff, Yuriy

Zmysly underwent surgery to remove his perforated appendix, which was performed by Defendant, Christopher, with assistance from Defendant, Oudekerk.

52. On or before January 10, 2006 and at all times mentioned herein, the staff of physicians, residents, nurses and other personnel, at Defendant, Cherry Point Naval Hospital, including Defendants Kaplan, Christopher and Oudekerk, were acting within the scope of their agency and employment when they provided medical care to Plaintiff, Yuriy Zmysly.

53. On or before January 10, 2006 and at all times mentioned herein, Defendant, Cherry Point Naval Hospital, had the duty to possess and apply the knowledge and use the skill and care ordinarily possessed and applied by a reasonably well qualified health care facility in the same or similar circumstances.

54. On or before January 10, 2006, and at all times mentioned herein, Defendant, Kaplan, as the actual or apparent agent of Defendants, Cherry Point Naval Hospital and USA, had the duty to possess and apply the knowledge and use the skill and care ordinarily possessed and applied by a reasonably well qualified physician in the same or similar circumstances.

55. On or before January 10, 2006, and at all times mentioned herein, Defendant, Christopher, as the actual or apparent agent of Defendants, Cherry Point Naval Hospital and USA, had the duty to possess and apply the knowledge and use the skill and care ordinarily possessed and applied by a reasonably well qualified physician in the same or similar circumstances.

56. On or before January 10, 2006, and at all times mentioned herein, Defendant, Oudekerk, as the actual or apparent agent of Defendants, Cherry Point Naval Hospital and USA, had the duty to possess and apply the knowledge and use the skill and care ordinarily possessed and applied by a reasonably well qualified registered nurse anesthetist in the same or similar

circumstances.

57. On or before January 10, 2006, and at all times mentioned herein, Defendants, USA, Cherry Point Naval Hospital, Kaplan, Christopher and Oudekerk were careless and negligent in the following respects:

    a) Failed to properly position Yuriy Zmysly post operatively on January 10, 2006;

    b) Failed to administer proper medications for agitation for Yuriy Zmysly on January 10, 2006;

    c) Failed to properly supervise the actions and activity of Defendant, C. Oudekerk, CRNA, in the hospital regarding the serious concerns and respiratory distress for Yuriy Zmysly;

    d) Failed to timely recognize "negative pressure pulmonary edema" for Yuriy Zmysly on January 10, 2006;

    e) Failed to timely recognize laryngospasm for Yuriy Zmysly on January 10, 2006;

    f) Failed to appropriately monitor Yuriy Zmysly on January 10, 2006;

    g) Failed to timely intubate Yuriy Zmysly on January 10, 2006; and

    h) Was otherwise careless and negligent.

58. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions, Plaintiff, Yuriy Zmysly, sustained injuries of a personal and pecuniary nature, for which he currently require, and will indefinitely require, medical care and continued assistance.

59. Plaintiff's expert physician, Dr. Schweiger, upon evaluation of records documenting the subject medical care and treatment of Yuriy Zmysly, has determined that Defendants deviated from the standard of care. (Exhibit B, *Report of Dr. Schweiger*).

WHEREFORE, Plaintiff, Aimee Zmysly, Representative and Guardian of the Person and Estate of Yuriy Zmysly, a disabled adult, by and through her attorney's, Clifford Law Office, P.C., prays that judgment be entered against Defendants, the United States of America, Cherry Point Naval Hospital, David Kaplan, M.D., James Christopher, M.D., and C. Oudekerk, CRNA, and each of them, as follows:

    a.    General damages, in amounts to be proved at trial;

    b.    Special damages, in amounts to be proved at trial;

    c.    Punitive damages, if any, warranted by the evidence presented at trial;

    d.    Attorney's fees and costs of suit;

    e.    Interest allowed by law, including prejudgment interest;

    f.    Granting such further relief as the Court deems just and appropriate, and;

    g.    Plaintiff demands a trial by jury on the issues triable by jury herein.

## COUNT II - INJUNCTIVE RELIEF

60.    Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, *supra*, as if fully set forth herein.

61.    United States intends to continue to abridge the due process entitled by Yuriy Zmysly, thereby further denying Yuriy Zmysly other various Constitutional rights, as well as relief for injuries sustained by the medical negligence of the Defendants, which has left Yuriy Zmysly severely disabled.

62.    Plaintiff has no adequate remedy at law to prohibit the United States from abridging and extinguishing Yuriy Zmysly's due process and various Constitution rights.

WHEREFORE, Plaintiff prays for an Order of this Honorable Court as follows:

a. Finding that the current application of 28 U.S.C.A. §2671 - 2680, are unconstitutionally vague and abridge and extinguish Yuriy Zmysly's due process and other various Constitutional rights as protected by the First, Fifth, Seventh, Ninth, and Fourteenth Amendments;

b. Entering final judgment in favor of Plaintiff against Defendants;

c. Award Plaintiff compensation and damages for the harm sustained by the Defendants' actions;

d. Entering a permanent injunction prohibiting the bar against service members from brining tort suits for medical negligence under the FTCA against the United States for injuries that arose out of or in the course of activity incident to service;

e. A judgment awarding Plaintiff reasonable attorney's fees, expenses of litigation, including experts' fees, pre-judgment interest and costs of suit;

f. Granting such further relief as the Court deems just and appropriate, and;

h. Plaintiff demands a trial by jury on the issues triable by jury herein.

Respectfully submitted,

_____
One of the Attorneys for Plaintiff

Robert A. Clifford
John T. Karnezis
Shannon M. McNulty
Colin H. Dunn
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street
31st Floor
Chicago, Illinois 60602
(312) 899-9090
Atty. No.: 32640

12