# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov



**ORDER**

December 7, 2009

**BEFORE**

FRANK H. EASTERBROOK, Chief Judge
WILLIAM J. BAUER, Circuit Judge
RICHARD A. POSNER, Circuit Judge

| No.: 09-3402 | AIMEE ZMYSLY, as Representative and Guardian of the Person and ESTATE OF YURIY ZMYSLY, a disabled adult, <br> Plaintiffs - Appellants <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br> Defendants - Appellees |
|---|---|

| **Originating Case Information:** |
|---|
| District Court No: 1:08-cv-06111 <br> Northern District of Illinois, Eastern Division <br> District Judge Ronald A. Guzman |

The following are before the court:

1) **MOTION BY DEFENDANTS-APPELLEES UNITED STATES, CHERRY POINT NAVAL HOSPITAL, JAMES CHRISTOPHER, AND CHRIS OUDEKERK FOR SUMMARY AFFIRMANCE OR, IN THE ALTERNATIVE, TO RESET BRIEFING SCHEDULE**, filed on November 18, 2009, by counsel for the government appellees and appellees Christopher and Oudekerk;

Case No. 09-3402        Page 2

2) **PLAINTIFF-APPELLANT'S OPPOSITION TO DEFENDANTS-APPELLEES' MOTION FOR SUMMARY AFFIRMANCE OR, IN THE ALTERNATIVE, TO RESET BRIEFING SCHEDULE**, filed on December 1, 2009, by counsel for the appellant;

3) **MOTION BY DEFENDANT-APPELLEE DAVID KAPLAN, M.D. FOR SUMMARY AFFIRMANCE OR, IN THE ALTERNATIVE, TO RESET THE BRIEFING SCHEDULE**, filed on December 3, 2009, by counsel for appellee Kaplan;

4) **REPLY IN SUPPORT OF MOTION BY DEFENDANTS-APPELLEES UNITED STATES, CHERRY POINT NAVAL HOSPITAL, JAMES CHRISTOPHER, AND CHRIS OUDEKERK FOR SUMMARY AFFIRMANCE OR, IN THE ALTERNATIVE, TO RESET BRIEFING SCHEDULE**, filed on December 3, 2009, by counsel for the government appellees and appellees Christopher and Oudekerk.

The appellant's husband, an active duty member of the Marine Corps, was taken to a military hospital for an emergency appendectomy and came out with severe brain damage. The appellant launched a medical malpractice suit under the Federal Tort Claims Act against the U.S., the hospital, navy medical professionals, and a physician under contract with the military. The district court dismissed the case for lack of subject matter jurisdiction under *Feres v. U.S.*, 340 U.S. 135 (1950), which holds that there can be no FTCA recovery based on injuries to servicemen sustained during active duty, including injuries caused by negligent military medical treatment. *See also Selbe v. United States*, 130 F.3d 1265, 1266-68 (7th Cir. 1997). And as *Jones v. United States*, 112 F.3d 299, 301-02 (7th Cir. 1997), notes, it doesn't matter whether the initial need for medical care arose because, for example, an active duty service member was shot by enemy fire or instead was injured playing basketball or needed his appendix removed. The appellant's brief acknowledges that precedent is against her but argues that this court should revisit the issue based on policy considerations and a 6th Circuit case holding that FTCA recovery for injuries to a pregnant service member's fetus were not barred by *Feres* (because the fetus isn't in the military). *See Brown v. United States*, 462 F.3d 609 (6th Cir. 2006). The *Feres* doctrine and its application to medical malpractice are well-established, and appellant's policy arguments and invocation of a clearly distinguishable out-of-circuit case cannot change that.

Accordingly, **IT IS ORDERED** that the appellees' motions are **GRANTED** and the judgment is summarily **AFFIRMED**.

form name: **c7_Order_3J** (form ID: **177**)